# EXHIBIT A

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| BRIAN DAVIS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DELTA AIR LINES, INC., a foreign profit corporation; and DOES 1-20, as yet unknown Washington entities,<br><br>Defendant. | No.<br><br>SUMMONS (20 DAYS) |

TO: DELTA AIR LINES, INC.

A lawsuit has been started against you in the above entitled court by the above-captioned plaintiff. Plaintiff's claims are stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond by stating your defense in writing, and serve a copy upon the person signing this summons within 20 days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where the plaintiff is entitled to what he asks for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

SUMMONS (20 DAYS) - 1

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
PHONE: (206) 442-9106 • FAX: (206) 441-9711

You may demand that the plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this summons. Within 14 days after you serve the demand, the plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of The State of Washington.

DATED this 29th day of May, 2024.                  Respectfully Submitted,

EMERY | REDDY, PLLC

By:   */s/ Timothy W. Emery*
      Timothy W. Emery, WSBA No. 34078
      Patrick B. Reddy, WSBA No. 34092
      Paul Cipriani, WSBA No. 59991
      Emery Reddy, PLLC
      600 Stewart Street, Suite 1100
      Seattle, WA 98101
      Phone: (206) 442-9106
      Fax: (206) 441-9711
      Email: emeryt@emeryreddy.com
      Email: reddyp@emeryreddy.com
      Email: paul@emeryreddy.com
      *Attorneys for Plaintiff*

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| BRIAN DAVIS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DELTA AIR LINES, INC., a foreign profit corporation; and DOES 1-20, as yet unknown Washington entities,<br><br>Defendant. | No.<br><br>**CLASS ACTION COMPLAINT FOR DISCRIMINATION** |

Plaintiff Brian Davis ("Plaintiff"), on behalf of himself and all others similarly situated (the "Class"), by and through counsel, brings this Class Action Complaint against Defendant Delta Air Lines, Inc. ("Defendant") and alleges, upon personal knowledge as to Plaintiff's own actions and Plaintiff's counsel's investigations, and upon information and belief as to all other matters, as follows:

## I. NATURE OF THE EPOA

1. This is a class action lawsuit to remedy Defendant's ongoing violation of Plaintiff and the Class members' civil rights.

2. Effective January 1, 2023, employers with 15 or more employees must disclose, in each posting for each job opening, the wage scale or salary range and a general description of

1  all of the benefits and other compensation being offered to the hired applicant. *See* RCW 49.58.110(1).

3. The Washington Legislature finds that "despite existing equal pay laws, there continues to be a gap in wages and advancement opportunities among workers in Washington." RCW 49.58.005(1). The Legislature further finds that "lower starting salaries translate into lower pay, less family income, and more children and families in poverty." RCW 49.58.005(3)(b).

4. This lawsuit follows important, recent research which revealed pervasive pay disparity in Washington with respect to both women and other protected classes. In particular, the study found that women are paid 78 cents for every dollar paid to men—a decline from 80 cents to the dollar a decade ago. *See* Alison Saldanha, *Seattle's pay gap between women and men just won't stop growing* (Mar. 8, 2024), https://www.seattletimes.com/business/seattle-hits-rock-bottom-in-terms-of-the-pay-gap-between-women-and-men/.

5. "Some folks do not have the networks or ability to negotiate salaries. Salaries vary wildly in companies within the same industry and applicants do not have the ability to know what the value of the position is." Engrossed Substitute S.B. 5761 House Bill Report, 67th Leg., Reg. Sess. (Wash. 2022). The pay transparency provision of the Washington Equal Pay and Opportunities Act ("EPOA"), RCW 49.58.110, "allows a discussion at the start of the process instead of after an offer has been made, which will increase the ability to negotiate pay." *Id*. Additionally, "[m]any candidates spend hours going through rounds of interviews only to find out they can't live on the offered pay." Engrossed Substitute S.B. 5761 Senate Bill Report, 67th Leg., Reg. Sess. (Wash. 2022). The EPOA makes Washington "more competitive" for job seekers. *Id*.

6. "[P]ay range disclosures function primarily to correct information asymmetry: they give applicants access to key information that only the employer may know. This information is essential to help job candidates, particularly females and candidates in other protected classes, to achieve equal pay when faced with negotiating a starting salary. Pay range disclosures also stand to help current employees discover if they are being underpaid, either to ask for more or

1  equitable compensation or, if the employee suspects discrimination, to initiate an enforcement action." Stephanie Bornstein, *The Enforcement Value of Disclosure*, 72 Duke L.J. 1771, 1789 (2023).

7. "[T]he duty to disclose a pay range and to do so publicly goes further, serving other important purposes of a disclosure scheme. It may induce behavior-forcing effects by requiring an employer to identify the pay received by other employees currently in the position and set new employee pay comparably. The goal is that the employer will create pay uniformity based on the position itself rather than the person holding the position." *Id*. at 1790.

8. "That pay range postings are public creates additional pressure on employers to provide accurate and fair salary ranges that will attract the best job applicants. And setting pay in a range to which an employer has publicly pre-committed may likely limit the role that even unconscious gender and racial biases play in pay setting." *Id*.

9. On January 1, 2021, the State of Colorado enacted a similar pay transparency law that requires online job postings to include information about the expected salary of the position. "One early study of the Colorado pay range posting law showed that, among firms that complied, posted job salaries increased by 3.6 percent." *Id*. (citing David Arnold, Simon Quach & Bledi Taska, *The Impact of Pay Transparency in Job Postings on the Labor Market 2* (Aug. 17, 2022) (unpublished manuscript), https://perma.cc/KBQ5-L9U2.

10. This is a class action on behalf of individuals who applied to job openings with the Defendant where the job postings did not include the wage scale or salary range being offered in direct violation of RCW 49.58.110.

11. Plaintiff and the Class seek injunctive relief to address Defendant's refusal to include a wage scale or salary range in its job postings, and statutory damages pursuant to RCW 49.58.070.

## II. JURISDICTION AND VENUE

12. This Court has jurisdiction over this cause of action pursuant to RCW 2.08.010.

CLASS ACTION COMPLAINT FOR DISCRIMINATION - 3

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

13. Venue is proper in this Court pursuant to RCW 4.12.025 because the acts and omissions alleged took place, in whole or in part, in King County, Washington, and Defendant resides and transacts business in King County, Washington.

14. Federal jurisdiction is inappropriate under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(4)(A), because: (a) all members of the Class are applicants of a Washington employer, or were applicants of a Washington employer, at all times relevant to their interactions with Defendant; (b) Defendant is registered to conduct business, and regularly transacts business, within Washington; (c) the alleged conduct of Defendant occurred within Washington; and (d) the injuries to Plaintiff and the Class occurred within Washington. Alternatively, federal jurisdiction is inappropriate under the Class Action Fairness Act because: (a) pursuant to 28 U.S.C. § 1332(d)(4)(B), more than two-thirds of the Class reside in Washington; and (b) pursuant to 28 U.S.C. § 1332(d)(2), the amount in controversy does not exceed the sum or value of $5,000,000, exclusive of interest and costs.

### III.  PARTIES

15. Plaintiff Brian Davis resides in Snohomish County, Washington and applied for a position with Defendant in the State of Washington.

16. Defendant Delta Air Lines, Inc. is a foreign profit corporation that regularly transacts business in King County, Washington and has multiple locations for the transaction of business in King County, Washington, including at 18627 28th Avenue South, SeaTac, Washington 98158 and 410 University Street, Seattle, Washington 98100.

17. Plaintiff is currently unaware of the true names and capacities of the defendants sued herein under fictitious names Does 1-20, inclusive, and therefore sues such defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to allege the true names and capacities of the fictitiously named defendants when their true names and capacities have been ascertained. Plaintiff is informed and believes, and thereon alleges, each of the fictitiously named defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by Plaintiff and the Class.

CLASS ACTION COMPLAINT FOR DISCRIMINATION - 4

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

### IV. STATEMENT OF FACTS

18. Effective January 1, 2023, all Washington employers with 15 or more employees are required to disclose, in each posting for each job opening, the wage scale or salary range, and a general description of all of the benefits and other compensation being offered to the hired applicant. *See* RCW 49.58.110.

19. For the purposes of RCW 49.58.110, "posting" means any solicitation intended to recruit job applicants for a specific available position, including recruitment done directly by an employer or indirectly through a third party, and includes any postings done electronically, or with a printed hard copy, that includes qualifications for desired applicants. RCW 49.58.110(1).

20. Defendant employs more than 15 individuals.

21. From January 1, 2023 to the present, Plaintiff and more than 40 Class members applied to job openings with Defendant for positions located in Washington where the postings did not disclose the wage scale or salary range being offered.

22. Despite RCW 49.58.110 becoming effective January 1, 2023, Defendant continues to withhold pay information in some, if not all, of its job postings for Washington-based positions.

23. As of the date of this filing, Defendant continues to employ discriminatory hiring practices as a result of its ongoing refusal to comply with RCW 49.58.110.

24. Defendant's refusal to post a wage scale or salary range in job postings is a violation of Plaintiff's and the Class members' civil rights, as specifically defined by RCW 49.58.110

25. On or about April 24, 2024, Plaintiff applied for a job opening in King County, Washington with Defendant.

26. Plaintiff was qualified to perform the position for which he applied.

27. The posting for the job opening Plaintiff applied to did not disclose the wage scale or salary range being offered.

28. In working through the application process, Plaintiff expected that at some point he would learn the rate of pay for the open position.

29. However, Defendant withheld the rate of pay for the open position in the job posting and throughout the application process, forcing Plaintiff to complete the entire application process without learning the rate of pay.

30. A true and correct copy of Defendant's job posting that Plaintiff responded to is attached hereto as Exhibit 1.

31. As a result of Defendant's refusal to publish the wage scale or salary range within this job posting, Plaintiff was unable to determine the rate of pay for the position.

32. As a result of Defendant's refusal to disclose the wage scale or salary range in this job posting, Plaintiff remains unable to evaluate the pay for the position and compare that pay to other available positions in the marketplace, which negatively impacts Plaintiff's current and lifetime wages.

33. As a result of Defendant's refusal to disclose the wage scale or salary range in job postings, Plaintiff's ability to negotiate pay remains adversely affected.

34. Plaintiff lost valuable time applying for a position for which the wage scale or salary range being offered was not disclosed. As noted by the Legislature, "[m]any candidates spend hours going through rounds of interviews only to find out they can't live on the offered pay." Engrossed Substitute S.B. 5761 Senate Bill Report, 67th Leg., Reg. Sess. (Wash. 2022).

35. Plaintiff has experienced economic and non-economic harm as a direct result of Defendant's discriminatory hiring practices, its violation of RCW 49.58.110, and its contribution to wage inequality as a result of its refusal to post a wage scale or salary range in the job postings it publishes.

36. Plaintiff and the Class are victims of Defendant's discriminatory hiring practices, which are specifically prohibited by RCW 49.58.110.

37. Defendant's course of conduct in withholding pay information from job postings was identical with regard to each Class member who Plaintiff seeks to represent.

38. As a result of Defendant's systemic violations of RCW 49.58.110, and the EPOA generally, the Class has experienced harm identical to that experienced by Plaintiff.

39. Plaintiff and each Class member seek statutory damages of $5,000, plus their reasonable attorneys' fees and costs.

## V. CLASS ACTION ALLEGATIONS

40. <u>Class Definition</u>. Under Civil Rule 23(a) and (b)(3), Plaintiff brings this case as a class action against Defendant on behalf of the Class defined as follows (the "Class"):

> All individuals who, from January 1, 2023, through the date notice is provided to the Class, applied for a job opening in the State of Washington with Delta Air Lines, Inc., where the job posting did not disclose a wage scale or salary range.

41. Excluded from the Class are the Defendant and Defendant's officers, directors, and independent contractors, and any judge to whom this case is assigned, as well as his or her staff and immediate family.

42. <u>Numerosity</u>. There are potentially dozens of individuals who applied for jobs with Defendant within the time period relevant to this matter. Joinder of all such individuals is impracticable. Further, the disposition of all claims of the Class in a single action will provide substantial benefits and efficiency to all parties and to the Court.

43. <u>Commonality</u>. Because all applicants applied for job openings that did not disclose the wage scale or salary range being offered, this is a straightforward matter of determining whether Defendant's actions violate Washington law, and, if so, assessing statutory damages.

44. <u>Typicality</u>. Plaintiff's claims are typical of the claims of the Class. Plaintiff and Class members all applied for job openings with Defendant that did not disclose the wage scale or salary range being offered.

45. <u>Adequacy</u>. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable attorneys with substantial experience in complex class action litigation. Plaintiff and Plaintiff's counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor Plaintiff's counsel have interests that are contrary to or that conflict with those of the Class.

46.     <u>Predominance</u>. Defendant has engaged in a common course of conduct of failing to disclose the wage scale or salary range being offered in job postings in violation of RCW 49.58.110. The common issues arising from Defendant's unlawful conduct affect Plaintiff and Class members and predominate over any individual issues. Adjudication of these common issues in a single action has the important and desirable advantage of judicial economy.

47.     <u>Superiority</u>. Plaintiff and the Class have suffered, and will continue to suffer, harm and damages as a result of Defendant's unlawful and wrongful conduct. Absent a class action, however, most Class members would find the cost of litigating their claims prohibitive, especially when that cost is balanced against each individual's respective potential award. Class treatment is superior to multiple individual lawsuits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for claimants with smaller cases and those with few resources, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action. The Class members and the job postings to which they applied are readily identifiable through Defendant's own records.

## VI.     CAUSE OF ACTION

**FIRST CAUSE OF ACTION**
**VIOLATION OF RCW 49.58.110**
*Claim of Relief for Plaintiff and the Class*

48.     Plaintiff incorporates by reference all foregoing factual allegations and realleges them as though fully set forth herein.

49.     As described more fully above, Defendant did not disclose the wage scale or salary range being offered to Plaintiff and Class members in its job postings seeking workers for its Washington locations.

50.     On or after January 1, 2023, Plaintiff and the Class members applied for job openings with the Defendant where the postings did not disclose the wage scale or salary range being offered.

51.     Defendant's actions and omissions violate RCW 49.58.110.

CLASS ACTION COMPLAINT FOR DISCRIMINATION - 8

52. As a result of Defendant's actions and omissions, Plaintiff and the Class have experienced economic and non-economic harm.

53. Plaintiff and the Class seek statutory damages pursuant to RCW 49.58.070, as opposed to their actual damages.

54. Plaintiff and the Class also seek to recover their costs and reasonable attorney's fees.

## VII.   REQUEST FOR RELIEF

Plaintiff, individually and on behalf of the members of the Class, requests that the Court enter judgment against Defendant as follows:

55. An order certifying that this action be maintained as a class action and appointing Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel;

56. Statutory damages of $5,000 to Plaintiff and each Class member pursuant to RCW 49.58.070 and RCW 49.58.110;

57. Costs and reasonable attorneys' fees pursuant to RCW 49.58.070 and RCW 49.58.110;

58. Preliminary and permanent injunctive relief prohibiting, restraining, and enjoining Defendant from engaging in the conduct complained of herein, including, but not limited to, an order requiring Defendant to disclose a wage scale or salary range in job postings for jobs located in Washington;

59. Declaratory relief to the effect that Defendant's failure to disclose in each posting for each Washington job opening the wage scale or salary range violates Washington law;

60. Pre- and post-judgment interest;

61. Leave to amend the Class Action Complaint to conform to the evidence; and

62. Any additional or further relief which the Court deems equitable, appropriate, or just.

DATED May 29, 2024.        EMERY | REDDY, PLLC

By: /s/ Timothy W. Emery
Timothy W. Emery, WSBA No. 34078
Patrick B. Reddy, WSBA No. 34092
Paul Cipriani, WSBA No. 59991
Emery Reddy, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106
Fax: (206) 441-9711
Email: emeryt@emeryreddy.com
Email: reddyp@emeryreddy.com
Email: paul@emeryreddy.com
*Attorneys for Plaintiff*

# Exhibit 1



PILOT CAREERS    Register    LOG IN

# In-Flight Service (IFS) Field Operations Support Coordinator

🌐 **UNITED STATES, WASHINGTON, SEATTLE**
📁 **INFLIGHT SERVICES**
📅 **23-APR-2024**
💼 **REF #: 24602**

## HOW YOU'LL HELP US KEEP CLIMBING (OVERVIEW & KEY RESPONSIBILITIES)

The In-Flight Service (IFS) Field Operations Support Coordinator will support the activities of the IFS Field Operations base leadership team (inclusive of Directors, General Managers, Senior Base Managers, Base Managers and Field Service Managers). This role provides broad-based project management and base administrative support (including handling confidential information) to help manage the day-to-day operations of the base.

Key Responsibilities:

- Project planning and execution of base events such as employee engagement activities, including planning, shopping, preparing, cleanup
- Budget planning, tracking, reconciliation and performance tracking
- Providing mentorship to the Base Administrative Support staff within the region as required
- Expense report creation and assistance
- Travel arrangements and select calendar management
- Creation of non-critical base communications/updates/announcement material
- Development and distribution of flight attendant information packets
- Facilities/vehicle management
- Ensure base is tidy, clean, well-stocked, safe, coordinate maintenance and repair as needed with local facilities team



PILOT CAREERS   Register   **LOG IN**

- Coordinate logistics for onboarding new leaders (office, technology)
- Manage flight attendant personnel file transfer and team assignment process
- Management of flight attendant parking pass process
- Provide day to day operational coverage as needed, including running crew meals and SkyPros (flight attendant device)
- Functional knowledge of flight attendant management tools required
- Base personnel schedule management
- Complete ad hoc tasks and projects as assigned
- Maintain professionalism and business maturity when faced with difficult situations and identifies solutions

## BENEFITS AND PERKS TO HELP YOU KEEP CLIMBING

Our culture is rooted in a shared dedication to living our values – Care, Integrity, Resilience, Servant Leadership, and Teamwork – every day, in everything we do. At Delta, our people are our success. At the heart of what we offer is our focus on Sharing Success with Delta employees. Exploring a career at Delta gives you a chance to see the world while earning great compensation and benefits to help you keep climbing along the way.

**Why You'll Love Delta**

- Competitive salary, industry-leading profit sharing program, and performance incentives
- 401(k) with generous company contributions up to 9%
- Paid time off including vacation, holidays, paid personal time, maternity and parental leave
- Comprehensive health benefits including medical, dental, vision, short/long term disability and life benefits
- Family care assistance through fertility support, surrogacy and adoption assistance, lactation support, subsidized back-up care, and programs that help with loved ones in all stages
- Holistic Wellbeing programs to support physical, emotional, social, and financial health, including access to an employee assistance program offering support for you and anyone in your household, free financial coaching, and extensive resources supporting mental health
- Domestic and International space-available flight privileges for employees and eligible family members
- World-wide partnerships to engage in community service and innovative goals created to focus on sustainability and reducing our carbon footprint



PILOT CAREERS    Register    LOG IN

- inclusion, provide perspective and help implement strategies
- Access to over 500 discounts, specialty savings and voluntary benefits through Deltaperks such as car and hotel rentals and auto, home, and pet insurance, legal services, and childcare

## WHAT YOU NEED TO SUCCEED (MINIMUM QUALIFICATIONS)

- High School diploma, GED or High School Equivalency
- Ability to handle confidential information with professionalism, discretion and diplomacy
- Experience creating and managing budgets
- Excellent time management, organizational and planning skills
- Works well with others in a fast-paced time-sensitive environment and has high level of accuracy and attention to detail
- Must be self-motivated and be able to work well under pressure with little supervision
- Must be able to problem solve and effectively navigate roadblocks as needed
- Should possess strong computer skills in MS Office - Outlook, Word, Excel, PowerPoint
- Excellent verbal and written communication skills (grammar, punctuation, vocabulary)
- Must be willing and able to work nights, weekends and holidays to support a 24/7 global operation
- Must obtain SIDA driving credentials where applicable
- Travel may be required
- Consistently makes safety and security, of self and others, the priority
- Consistently prioritizes safety and security of self, others, and personal data.
- Embraces diverse people, thinking, and styles.
- Is at least 18 years of age and has authorization to work in the United States.

## WHAT WILL GIVE YOU A COMPETITIVE EDGE (PREFERRED QUALIFICATIONS)

- In-depth knowledge of Delta and In-Flight Service programs, processes and tools (DBMS, iPerform, MyTeam, MSS, etc.)
- In-Flight Service experience
- Experience in Corporate Expense Management and Travel Management



☰     PILOT CAREERS    Register    LOG IN

**APPLY NOW**

Share: 

©2024 Delta Air Lines, Inc.

Tracking Preferences

Privacy

Delta Air Lines is an equal opportunity employer including disability/veteran.

Delta Air Lines, Inc. is an Equal Employment Opportunity / Affirmative Action employer and provides reasonable accommodation in its application and selection process for qualified individuals, including accommodations related to compliance with conditional job offer requirements. Supporting medical or religious documentation will be required where applicable. To request a reasonable accommodation, please click here

Delta is proud to offer comprehensive benefits packages to meet the needs and wellbeing of our employees and their families. To learn more about our benefits, pay philosophy and pay rates, please click here

