The Honorable Kymberly K. Evanson

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

BRIAN DAVIS, individually and on behalf of all others similarly situated,

Plaintiff,

v.

DELTA AIRLINES, INC., a foreign corporation; and DOES 1-20, as yet unknown Washington entities,

Defendants.

No. 2:24-cv-00954-KKE

**PLAINTIFF'S MOTION TO REMAND**

NOTE ON MOTION CALENDAR:
September 4, 2024

## I.    RELIEF REQUESTED

Plaintiff Brian Davis respectfully requests that this matter be remanded for lack of subject matter jurisdiction. The Court adjudged in eight virtually identical matters that when a plaintiff sues under RCW 49.58.110 but does not plead that he or she is a "bona fide" applicant, remand for lack of Article III standing and subject matter jurisdiction is required. Mr. Davis desires to litigate his case where he filed it—in King County Superior Court. Delta Airlines, Inc. ("Delta") cannot meet its burden to prove that Mr. Davis is a "bona fide" applicant by alleging the exact opposite.

If the Court departs from its eight prior rulings, remand is still required because Delta cannot meet the $75,000 amount in controversy requirement for diversity jurisdiction under 28

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

U.S.C. § 1332(a), nor can it meet the numerosity or amount in controversy requirements for removal jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) ("CAFA").

## II.    STATEMENT OF FACTS

Mr. Davis filed this state law class action in King County Superior Court for Delta's violation of the pay transparency provision of the Washington Equal Pay and Opportunities Act ("EPOA"), RCW 49.58.110. *See generally* Compl., ECF No. 1-1. His complaint is virtually identical to eight others that were remanded for lack of Article III standing and subject matter jurisdiction. *See David v. Herc Rentals Inc.,* No. 2:24-cv-00175-BJR, 2024 U.S. Dist. LEXIS 85379, at *6 (W.D. Wash. May 10, 2024); *Atkinson v. Aaron's LLC,* No. 2:23-cv-01742-BJR, 2024 U.S. Dist. LEXIS 85799, at *26 (W.D. Wash. May 10, 2024), *amended by Atkinson v. Aaron's LLC,* 2024 U.S. Dist. LEXIS 112833, at *7 (W.D. Wash. June 26, 2024); *Floyd v. Insight Glob. LLC,* No. 2:23-cv-01680-BJR, 2024 U.S. Dist. LEXIS 85796, at *23-24 (W.D. Wash. May 10, 2024), *amended by Floyd v. Insight Glob. LLC,* 2024 U.S. Dist. LEXIS 112827 (W.D. Wash. June 26, 2024); *Spencer v. RXO, Inc.,* No. 2:23-cv-01760-BJR, 2024 U.S. Dist. LEXIS 92838, at *5 (W.D. Wash. May 23, 2024); *Floyd v. DoorDash, Inc.,* No. 2:23-cv-01740-BJR, 2024 U.S. Dist. LEXIS 92001, at *7 (W.D. Wash. May 22, 2024); *Spencer v. Vera Whole Health, Inc.,* No. C24-337 MJP, 2024 U.S. Dist. LEXIS 116904, at *11 (W.D. Wash. July 2, 2024); *Atkinson v. Penney Opco LLC,* No. 23-cv-01806-BJR, 2024 U.S. Dist. LEXIS 134571, at *5-6 (W.D. Wash. July 30, 2024); *Watson v. Deacon Constr., LLC,* No. 24-cv-00082-BJR, 2024 U.S. Dist. LEXIS 134585, at *5-6 (W.D. Wash. July 30, 2024) (collectively, the "Remand Orders").

## III.    STATEMENT OF ISSUES

The following issues are presented for resolution by the Court:

1.    *Whether remand is required where Mr. Davis did not plead "bona fide" applicant status, and the Court adjudged that this necessitates immediate remand for lack of Article III standing?*

2.    *Whether remand is required where Delta both asserts and disavows the Court's Article III authority and subject matter jurisdiction to adjudicate this matter?*

3.    *Whether remand is required where Delta cannot meet its burden of establishing that Mr. Davis' claim and corresponding share of potential attorneys' fees puts more than $75,000 in controversy?*

4.    *Whether remand is required where Delta cannot meet its burden of establishing that there are more than 100 class members or that more than $5,000,000 is in controversy?*

5.    *Whether remand is required where the Court determined in a virtually identical case that this matter of first impression is best suited for adjudication in Washington state court?*

## IV.    EVIDENCE RELIED UPON

This motion to remand is based on all of the pleadings and other papers that are presently on file with the Court, and on the Court prior orders pertaining to RCW 49.58.110.

## V.    AUTHORITY

**A.    The Court's prior orders are instructive that remand for lack of Article III standing is required because Mr. Davis did not plead "bona fide" applicant status, and returning this matter to state court would not be futile.**

The Court adjudged in eight virtually identical matters that when a plaintiff sues under RCW 49.58.110 but does not plead that he or she is a "bona fide" applicant, remand for lack of Article III standing is required. *See* Remand Orders. This is because the Court determined, in the context of constitutional standing, that "a violation of the statutory provision at issue here—a job posting with no compensation information included—is a technical or procedural violation that by itself does not manifest concrete injury but requires a 'bona fide' applicant before there is a risk of harm." *Aaron's*, 2024 U.S. Dist. LEXIS 85799, at *26. Here, Mr. Davis did not plead "bona fide" applicant status because his complaint does not allege that he applied to work for Delta in "good faith." *See generally* Compl. Remand is therefore required so long as doing so would not be futile. *See* Remand Orders.

Remanding this "state court issue" of first impression to a Washington state court so that it may "provide the authoritative adjudication" of the novel issues in this case would not be futile for two reasons. *Aaron's*, 2024 U.S. Dist. LEXIS 112833, at *6. First, the futility exception contradicts the removal statute and "may no longer be good law." *Polo v. Innoventions Int'l, LLC,*

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

833 F.3d 1193, 1197 (9th Cir. 2016). Indeed, the Supreme Court has recognized the irreconcilable conflict between the judge-made futility exception and the plain, mandatory language of the removal statute, which "give[s the court] no discretion to dismiss rather than remand an action." *Int'l Primate Prot. League v. Admins. of Tulane Educ. Fund*, 500 U.S. 72, 88-89 (1991). The Ninth Circuit has recognized the exception's doctrinal peril following *International Primate* but has not yet had occasion to expressly overrule *Bell. See, e.g., Bruns v. NCUA*, 122 F.3d 1251, 1257-58 (9th Cir. 1997) (district court erred in dismissing rather than remanding for want of subject matter jurisdiction); *Polo*, 833 F.3d at 1197-98 (casting doubt on futility exception but declining to overrule *Bell sua sponte* where no party had argued the issue). Although courts have sporadically applied the futility exception, some have substantially narrowed its application and cast doubt on its validity. *See, e.g., Polo*, 833 F.3d at 1198 ("[O]nly when the eventual outcome of a case after remand is so clear as to be foreordained have we held that a district court may dismiss it. . . ."); *see also Bell v. City of Kellogg*, 922 F.2d 1418, 1425 (9th Cir. 1991). Given the signals that *Bell's* futility exception is no longer good law, this Court need not consider it here.

Second, even if the futility exception were still good law, it is not implicated because the Washington Constitution does not limit state courts' jurisdiction as Article III of the U.S. Constitution limits the jurisdiction of federal courts. *See In re Estate of Reugh*, 10 Wn. App. 2d 20, 55-56 (2019) ("Washington courts do not face such constitutional limitations."). It applies only where the district court has "absolute certainty" that a state court would "simply dismiss[] the action" for the same reason the district court remanded. *Bell*, 922 F.2d at 1425. Recognizing this difference between state and federal law, this Court expressly rejected a futility argument in similar circumstances. *See Terrell v. Costco Wholesale Corp.*, No. C16-1415JLR, 2017 WL 2169805, at *2 (W.D. Wash. May 16, 2017). There, the removing defendant argued the plaintiff lacked Article III standing for failure to articulate a concrete injury in fact and remand was futile. *Id*. The Court concluded that "[t]he Washington appellate courts have not yet determined whether *Spokeo's* clarifications to the injury in fact prong extend to Washington law on standing, and it is therefore unclear whether remand would be futile." *Id*. The Court remanded the case. *Id*.

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

Here, remand would not be futile under the exceptionally high standard set forth by *Bell*. *See* 922 F.2d at 1425. "Questions of standing under Washington law begin with the statutes themselves." *West v. Seattle Port Comm'n*, 194 Wn. App. 821, 826 (2016). Mr. Davis alleges that Delta violated a right guaranteed by RCW 49.58.110. *See generally* Compl. If Delta challenges standing upon remand, the state court will look to the statute, rather than to interpretations of Article III. *See Reugh*, 10 Wn. App. 2d at 55-56. RCW 49.58.110 is a new statute. Thus, it is far from "absolutely clear" that a Washington court would impose on Mr. Davis the same concrete injury in fact standard required in federal court. *See Terrell*, 2017 WL 2169805, at *2. Further, Washington state courts have already declined to grant dispositive motions predicated on the existence of a theoretical "bona fide" element. *See generally* Order Denying Def.'s Mot. to Dismiss, *Herold v. Smart FoodService Stores*, No. 23-2-19555-8 (King Cnty. Super. Ct. May 13, 2024); Order Denying Def.'s Mot. for J. on the Pleadings, *Pizl v. Dependable Staffing Agency LTD.*, No 23-2-12099-5 (Pierce Cnty. Super. Ct. Apr. 26, 2024). Even when the plaintiff failed to allege "good faith" in the complaint, Washington state courts have allowed class actions under RCW 49.58.110 to proceed. *Id*. Accordingly, this Court should remand for lack of Article III standing and subject matter jurisdiction because doing so would not be futile. *See* 28 U.S.C. § 1447(c).

**B.    Delta cannot assert and disavow the existence of Article III standing.**

Delta, the sole proponent of federal jurisdiction, cannot establish and maintain Article III standing and subject matter jurisdiction when it argues the exact opposite. *See generally* Def.'s Mot. to Dismiss and Strike, ECF No. 9. In no uncertain words, its motion to dismiss states: "[t]here is no meaningful way to identify which class members do or do not have Article III standing." *Id*. at 7:16-18. This statement, in conjunction with Delta's general assertions arguing against Article III standing for any putative class member, including Mr. Davis, directly contradict its position that this matter should be adjudicated in federal court. *See* Remand Orders. Delta was either disingenuous when it removed or when it filed for dismissal. *Compare* Notice of Removal *with* Def.'s Mot. to Dismiss or Strike. This double-dealing has been characterized as a form of

fraudulent removal[1], and is a "dubious strategy." *Collier v. SP Plus Corp.*, 889 F.3d 894, 897 (7th Cir. 2018). Fraudulent removal not only wastes resources, but also needlessly delays proceedings and offends notions of federalism. *Mocek v. Allsaints USA Ltd.*, 220 F. Supp. 3d 910, 912 (N.D. Ill. 2016). It is different from forum shopping. *Id*. Instead, it is more like a form of misrepresentation. *Id*. By removing this matter while asserting that Mr. Davis lacks Article III standing, Delta has created the very doubt that necessitates immediate remand. *See Ayala v. Sixt Rent a Car, LLC*, No. CV 19-1513 FMO (MRWx), 2019 U.S. Dist. LEXIS 112879, at *5 (C.D. Cal. July 8, 2019) (removing defendant cannot "have it both ways by asserting, then immediately disavowing, federal jurisdiction."); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is **any doubt** as to the right of removal. . . .") (emphasis added); *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (there is a "strong presumption against removal jurisdiction [which] means that the defendant always has the burden of establishing that removal is proper."). The Court need not look further than the Remand Orders and Delta's motion to dismiss to conclude that this matter belongs in state court because the core component of Article III standing—the injury in fact—was not pled and Delta cannot establish the same by arguing the exact opposite. *See generally* Remand Orders; Def.'s Mot. to Dismiss and Strike.

C.    **The burden of proving federal jurisdiction is on Delta, and it cannot establish, on a more probable than not basis, that Mr. Davis' claim and corresponding pro-rata share of potential attorneys' fees exceed $75,000.**

1.    **Legal Standard**

Diversity jurisdiction exists where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*,

---

[1] Zachary D. Clopton and Alexandra D. Lahav, *Fraudulent Removal*, 135 Harv. L. Rev. F. 87, 88 (discussing the clearest example of fraudulent removal being when a defendant removes a case to federal court and plans to immediately argue that the federal court lacks subject matter jurisdiction.).

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

319 F.3d 1089, 1090 (9th Cir. 2003). "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). "Conclusory allegations as to the amount in controversy are insufficient." *Matheson*, 319 F.3d at 1090-91. Moreover, courts must grant a motion to remand for lack of jurisdiction where there is "any doubt" as to whether the case is removable. *See Gaus*, 980 F.2d at 566. Such is the case here where Delta cannot establish that Mr. Davis' claim and share of attorneys' fees puts over $75,000 in controversy.

### 2.    Mr. Davis' damages are $5,000.

Mr. Davis' complaint makes clear that he seeks only statutory damages of $5,000 for Delta's violation of RCW 49.58.110: "Plaintiff, individually and on behalf of the members of the Class, requests that the Court enter judgment against Defendant as follows . . . Statutory damages of $5,000 to Plaintiff and each Class member pursuant to RCW 49.58.070 and RCW 49.58.110." Compl. ¶ 56. Delta agrees: "Plaintiff has specifically requested statutory damages of $5,000 pursuant to RCW 49.58.070 and RCW 49.58.110. . . ." Notice of Removal ¶ 39. However, in an attempt to confuse the Court and manufacture the requisite amount in controversy, Delta falsely claims that "[a]lternatively, Plaintiff seeks actual damages for 'valuable time' spent applying to a job posting that did not include salary or wage information, to the extent those damages are greater than the $5,000 statutory damages." *Id*. at 12:24-26. This is false. *See generally* Compl. His complaint contains no request for damages above and beyond the $5,000 statutory penalty. *Id.*

### 3.    Attorneys' fees attributable to Mr. Davis are far less than $70,000.

Anticipated attorneys' fees put far less than $75,000 in controversy because the Court only considers a plaintiff's pro rata share. *See McConnell v. Mothers Work, Inc.*, 479 F. Supp. 2d 1147, 1149 (E.D. Wash. 2001) ("[I]n a class action suit, the potential attorneys' fees of the entire class cannot be taken into account in determining the amount in controversy, even if a statute authorizes attorney fees to a successful litigant."); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 859 (9th Cir. 2001); *Goldberg v. CPC Int', Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) ("claims must be

considered separately, and each class member's claim must satisfy the jurisdictional amount"). Despite this unambiguous precedent, Delta utilizes Mr. Davis' counsel's hourly rates as the sole input in calculating its attorneys' fees estimate. *See* Notice of Removal ¶ 43. In citing *Garcia v. Washington State Dep't of Licensing*, No. 22-2-05635-5 SEA, it fails to inform the Court that class representative Garcia's pro-rata share of attorneys' fees is less than $2.00 ($1,080,000 fee award divided by 545,729 class members). *See* Final Approval Order and Judgment, *Garcia v. Washington State Dep't of Licensing*, No. 22-2-05635-5 SEA (King Cnty. Super. Ct. Oct. 3, 2023), Dkt. No. 84. By Delta's own evidence, there is $5,002 in controversy for purposes of diversity jurisdiction.

### 4.    Prosecuting this action requires limited attorney time.

This straightforward action for Delta's systemic failure to publish pay information will likely be resolved with limited attorney time. This case does not require extensive discovery or motions practice. Delta offers no evidence to the contrary aside from a self-serving statement of its counsel. S*ee Hansen v. United States*, F.3d 137, 138 (9th Cir. 1993) ("conclusory allegations unsupported by factual data" cannot be relied upon); *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018) (courts "may reject defendant's attempts to include future attorneys' fees in the amount in controversy" if defendant fails to carry its burden of proof). Indeed, in a case involving the same statute and virtually identical allegations, this Court recognized that "this is not a case in which it goes without saying that the attorney fees will 'easily' climb to great heights." *Moliga v. Qdoba Rest. Corp.*, No. 2:23-CV-01084-LK, 2023 U.S. Dist. LEXIS 137178, at *9 (W.D. Wash. Aug. 7, 2023).

### D.    The burden of establishing federal jurisdiction is on Delta, and it has not established, on a more probable not basis, that removal jurisdiction under CAFA exists.

### 1.    Legal Standard

CAFA gives federal courts jurisdiction over certain class actions, defined in 28 U.S.C. § 1332(d)(1), if the parties are minimally diverse, the class has more than 100 members, and the amount in controversy exceeds $5,000,000, exclusive of interest and costs. *Dart Cherokee Basin*

1  *Operating Co., LLC v. Owens*, 574 U.S. 81, 84-85 (2014) (citing 28 U.S.C. §1332(d)(2), (5)(B);

2  *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013)). State court defendants who remove

3  putative class actions under CAFA bear the burden of demonstrating, by a preponderance of the

4  evidence, that these prerequisites are met. *See Lin v. Kennewick*, No. C20-1029RSL, 2021 U.S.

5  Dist. LEXIS 121383, at *7 (W.D. Wash. June 29, 2021) (courts apply preponderance of evidence

6  standard to CAFA prerequisites). Mere conclusory allegations by the removing party are

7  insufficient. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 689 (9th Cir. 2006).

8  **2.     CAFA's numerosity requirement has not been established.**

9  Federal jurisdiction under CAFA exists only "where the aggregate number of members of

10  a proposed plaintiff class is 100 or more." *Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111,

11  1116 (9th Cir. 2015). If a state court defendant removes a putative class action from state court,

12  it bears the burden of demonstrating, by a preponderance of the evidence, that the numerosity

13  requirement of CAFA has been reached. *See United Steel, Paper & Forestry, Rubber, Mfg.,*

14  *Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d

15  1087, 1090 & n.2 (9th Cir. 2010). Conclusory allegations by the removing party are insufficient.

16  *Abrego*, 443 F.3d at 689.

17  Delta has not established, on a more probable than not basis, that the class size exceeds

18  100 individuals. *See* Notice of Removal ¶¶ 15-16. It states, without support, that "the putative

19  Class includes at least 1,100 individuals who applied to one or more positions which Plaintiff

20  alleges did not disclose wage scale or salary range information." *Id*. This vague conclusory

21  statement is insufficient to establish numerosity under CAFA. *See Ibarra v. Manheim Invs., Inc.*,

22  775 F.3d 1193, 1198-99 (9th Cir. 2015). Further,  Mr. Davis is not suing on behalf of everyone

23  who applied to work for Delta. *See* Compl. ¶ 40. Rather, he is suing on behalf of those who

24  "applied for a job opening in the State of Washington with Delta where the job posting did not

25  disclose a wage scale or salary range." *Id*. Put another way, the putative class is comprised only

26  of those who did not receive pay information. *Id*. Either these applicants received wage

27  information in the posting to which they responded, or they did not. *Id*. Nothing in Delta's removal

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

notice or supporting materials indicates a putative class size greater than 100. *See generally* Notice of Removal. This is Delta's burden, and it cannot be met with mere conclusory statements. *Abrego*, 443 F.3d at 689. Remand for failure to establish numerosity is therefore required.

### 3. CAFA's amount in controversy requirement has not been established.

Delta likewise fails to meet its burden of establishing that the amount in controversy exceeds $5 million. Its estimate is predicated on a flawed assessment of the size of the class. *Compare* Notice of Removal ¶ 21 *with* Compl. ¶ 40. Again, without proof that the job submissions it received did not include a wage scale or salary range, Delta is not permitted to include these postings for purposes of its damages calculation. The "defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds" the jurisdictional minimum. *Sanchez*, 102 F.3d at 404. Further, "[t]he removing defendant bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold." *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121-22 (9th Cir. 2013) (internal citations and quotations omitted). Its conclusory allegations here are insufficient to meet this burden. *See Matheson*, 319 F.3d at 1090-91; *see also Raj K Patel v. Microsoft Corp.*, No. 2:24-cv-00130-JHC, 2024 U.S. Dist. LEXIS 31569, at *3 (W.D. Wash. Feb. 23, 2024) (courts may reject "conclusory, unsupported statement[s] regarding alleged amounts in controversy.").

### E. This matter of first impression is best suited for Washington state court.

The final reason to remand is that this Court adjudged in a virtually identical matter that the statute at issue presents "uniquely state court issues, i.e., how Washington state courts would interpret provisions in the Washington Equal Pay and Opportunities Act." *Aaron's*, 2024 U.S. Dist. LEXIS 112833, at *6. "State courts provide the authoritative adjudication of questions of state law." *Id*. (citing *Arizonans for Official English v. Arizona*, 520 U.S. 43, 48 (1997) ("Federal courts lack competence to rule definitively on the meaning of state legislation. . . .")). Because Washington state courts have not yet had occasion to make any substantive rulings on RCW 49.58.110 given its recent passage, this matter should be remanded. Remanding state court issues

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

of first impression is common. *See Ingenco Holdings, LLC v. Ace Am. Ins. Co.*, No. 2:13-cv-00543-RAJ, 2022 U.S. Dist. LEXIS 43031, at \*25-26 (W.D. Wash. Mar. 10, 2022) ("Traditionally and properly federal courts are reluctant to decide questions of first impression in the interpretation and application of state substantive law in diversity jurisdiction cases" finding it "unnecessary and certainly undesirable to advance a foreguess.") (citing *Black v. United States*, 421 F.2d 255, 258 (10th Cir. 1970)); *Pino v. United States*, 507 F.3d 1233, 1236 (10th Cir. 2007) (noting that "the federal character of our judicial system" recognizes that matters of state law should first be decided by state courts when possible, not federal courts) (citations omitted); *Keown v. Tudor Ins. Co.*, 621 F. Supp. 2d 1025, 1031-32 (D. Haw. 2008) ("When state law is unclear, '[a]bsent a strong countervailing federal interest, the federal court should not elbow its way . . . to render what may be an "uncertain" and "ephemeral" interpretation of state law.'"). This Court should follow suit and leave the initial interpretation of RCW 49.58.110 to a Washington state court.

## VI.    CONCLUSION

For the foregoing reasons, Mr. Davis respectfully requests that the Court remand this matter to King County Superior Court. A proposed order granting this requested relief is filed herewith.

## VII.    CERTIFICATION OF CONFERRAL

The parties, by and through counsel, met and conferred on the filing of this remand motion on or about July 3, 2024.

Respectfully submitted this 7th day of August, 2024.

EMERY | REDDY, PLLC

By:    */s/ Timothy W. Emery*
By:    */s/ Patrick B. Reddy*
By:    */s/ Paul Cipriani*
Timothy W. Emery, WSBA No. 34078
Patrick B. Reddy, WSBA No. 34092

Paul Cipriani, WSBA No. 59991
Emery Reddy, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106
Fax: (206) 441-9711
Email: emeryt@emeryreddy.com
Email: reddyp@emeryreddy.com
Email: paul@emeryreddy.com
*Attorneys for Plaintiff*

I certify that this memorandum contains less than 8,400 words, in compliance with the Local Civil Rules.

PLAINTIFF'S MOTION TO REMAND - 12

No. 2:24-cv-00954-KKE

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2024, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filling to the following CM/ECF participants:

Damon C. Elder, WSBA #46754
Claire M. Lesikar, WSBA #60406
MORGAN, LEWIS & BOCKIUS LLP
1301 Second Avenue, Suite 3000
Seattle, WA 98101

*Attorneys for Defendant*

                                                   *s/ Jennifer Chong*
                                         Jennifer Chong, Legal Assistant

PLAINTIFF'S MOTION TO REMAND - 13

No. 2:24-cv-00954-KKE