UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRIAN DAVIS,<br>　　　　　　Plaintiff(s),<br>　v.<br>DELTA AIR LINES INC.,<br>　　　　　　Defendant(s). | CASE NO. C24-0954-KKE<br><br>ORDER LIFTING STAY AND GRANTING STIPULATED REQUEST TO SET CASE DEADLINES |

This matter comes before the Court on the parties' Joint Status Report and Motion to Continue Trial Date and Case Deadlines. Dkt. No. 19.

In this case, Plaintiff Brian Davis sues Defendant Delta Air Lines, Inc. ("Delta") on behalf of himself and others similarly situated, alleging Defendant violated the pay transparency provision of the Washington Equal Pay and Opportunities Act, Wash. Rev. Code § 49.58.110. Dkt. No. 1-1. Delta removed this case to this Court on June 28, 2024. Dkt. No. 1. Delta then moved to dismiss the complaint (Dkt. No. 9) and Davis moved to remand to state court (Dkt. No. 10).

On August 20, 2024, U.S. District Court Judge John H. Chun certified the following question to the Washington Supreme Court: "What must a plaintiff prove to be deemed a 'job applicant' within the meaning of RCW 49.58.110(4)? For example, must they prove that they are

a 'bona fide' applicant?" *Branson v. Wash. Fine Wines & Spirits*, No. 2:24-cv-00589-JHC, 2024 U.S. Dist. LEXIS 148958, at *3 (W.D. Wash. Aug. 20, 2024).

The Washington Supreme Court accepted review, and this Court stayed this case and terminated the pending motions pending the state Supreme Court's decision on the certified question. Dkt. No. 16.

On September 4, 2025, the Washington Supreme Court issued its decision. *Branson v. Wash. Fine Wine & Spirits, LLC*, No. 103394-0, 2025 Wash. LEXIS 442 (Wash. Sept. 4, 2025). The Court concluded:

> A job applicant need not prove they are a "bona fide" applicant to be deemed a "job applicant." Rather, in accordance with the plain language of RCW 49.58.110(4), a person must apply to any solicitation intended to recruit job applicants for a specific available position to be considered a "job applicant," regardless of the person's subjective intent in applying for the specific position.

*Id.* at *22–23.

The parties now jointly request that this Court lift the previously entered stay and set deadlines agreed to by the parties for Delta to answer or otherwise respond to the complaint and for Davis to renew his motion to remand. Pursuant to the parties' stipulation, the stay of proceedings is lifted.

Defendant will file an answer or otherwise respond to the complaint on or before November 7, 2025. In the event Defendant files a new motion to dismiss, Plaintiff's response is due on or before November 28, 2025, and Defendant's reply is due on or before December 19, 2025.

Plaintiff will file a new motion to remand on or before November 7, 2025, with Defendant's response due on or before November 28, 2025, and Plaintiff's reply due on or before December 19, 2025.

ORDER LIFTING STAY AND GRANTING STIPULATED REQUEST TO set CASE DEADLINES - 2

The Court acknowledges the requirements of Federal Rule of Civil Procedure 16(b)(2), but finds good cause to defer entry of a case schedule pending the Court's ruling on the forthcoming motions to remand and potential motion to dismiss.

Dated this 6th day of October, 2025.

*Kymberly K Evanson*

Kymberly K. Evanson
United States District Judge