The Honorable Kymberly K. Evanson

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| BRIAN DAVIS, individually and on behalf of all others similarly situated, | No. 2:24-cv-00954-KKE |
| Plaintiff, | **PLAINTIFF'S MOTION TO REMAND** |
| v. | NOTE ON MOTION CALENDAR: December 19, 2025 |
| DELTA AIRLINES, INC., a foreign profit corporation; and DOES 1-20, as yet unknown Washington entities, | |
| Defendants. | |

## I.    RELIEF REQUESTED

Plaintiff Brian Davis ("Plaintiff" or "Davis") respectfully requests that the Court remand this state law class action to King County Superior Court. As the removing party and sole proponent of federal jurisdiction, Defendant Delta Airlines, Inc. ("Defendant" or "Delta") bears the burden of establishing this Court's subject matter jurisdiction, including the core constitutional requirement of Plaintiff's Article III standing: the injury-in-fact. The Court has adjudged in over *twenty-two* virtually identical matters that when a plaintiff sues under RCW 49.58.110 but does not plead that they are a "bona fide" applicant, engaged in pay negotiations, or was offered an interview, the plaintiff lacks Article III standing and remand is required. Because Plaintiff did not make these allegations, immediate remand of this state law action is

**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

required. The Washington Supreme Court's decision in *Branson v. Washington Fine Wines &*
*Spirits, LLC*, 574 P.3d 1031 (2025), does not change the Court's analysis. Alternatively, the Court
should remand because Defendant has failed to establish federal jurisdiction under either the Class
Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"), or traditional diversity jurisdiction.

## II.    STATEMENT OF FACTS

Plaintiff filed this class action in King County Superior Court for Defendant's violation
of the pay transparency provision of the Washington Equal Pay and Opportunities Act ("EPOA"),
RCW 49.58.110. *See* Def.'s Notice of Removal, ECF No. 1-1 ("Compl."). The law requires
employers with 15 or more employees to disclose a wage scale or salary range and a description
of benefits in job postings seeking Washington workers. *See* RCW 49.58.110(1). Plaintiff's
complaint is virtually identical to over *twenty-two* others the Court has remanded for lack of an
injury-in-fact under Article III. *See Spencer v. Vera Whole Health, Inc.*, No. C24-337-MJP, 2024
U.S. Dist. LEXIS 116904 (W.D. Wash. July 2, 2024); *Kent v. HCL Tech. Ltd.*, No. 2:24-cv-
01332-MJP (W.D. Wash. Nov. 19, 2024); *Wright v. HP Inc.*, No. 2:24-cv-01261-MJP (W.D.
Wash. Nov. 5, 2024); *Atkinson v. Aaron's LLC*, No. 2:23-cv-01742-BJR, 2024 U.S. Dist. LEXIS
85799 (W.D. Wash. May 10, 2024), *amended by* 2024 U.S. Dist. LEXIS 112833 (W.D. Wash.
June 26, 2024); *Floyd v. Insight Glob. LLC*, No. 2:23-cv-01680-BJR, 2024 U.S. Dist. LEXIS
85796 (W.D. Wash. May 10, 2024), *amended by* 2024 U.S. Dist. LEXIS 112827 (W.D. Wash.
June 26, 2024); *David v. Herc Rentals Inc.*, No. 2:24-cv-00175-BJR, 2024 U.S. Dist. LEXIS
85379 (W.D. Wash. May 10, 2024); *Floyd v. DoorDash, Inc.*, No. 2:23-cv-01740-BJR, 2024 U.S.
Dist. LEXIS 92001 (W.D. Wash. May 22, 2024); *Spencer v. RXO, Inc.*, No. 2:23-cv-01760-BJR,
2024 U.S. Dist. LEXIS 92838 (W.D. Wash. May 23, 2024); *Atkinson v. Penney Opco LLC*, No.
23-cv-01806-BJR, 2024 U.S. Dist. LEXIS 134571 (W.D. Wash. July 30, 2024); *Watson v.*
*Deacon Constr., LLC*, No. 24-cv-00082-BJR, 2024 U.S. Dist. LEXIS 134585 (W.D. Wash. July
30, 2024); *Partridge v. Heartland Express Inc. of Iowa*, No. 3:24-cv-05486-DGE, 2024 U.S. Dist.
LEXIS 164596 (W.D. Wash. Sept. 12, 2024); *Liu v. Veeva Systems Inc.*, No. 2:23-cv-1784-BJR,
2024 U.S. Dist. LEXIS 171512 (W.D. Wash. Sept. 23, 2024); *Spencer v. Jeld-Wen, Inc.*, No.

1   2:23-cv-01757-BJR, 2024 U.S. Dist. LEXIS 193749 (W.D. Wash. Oct. 24, 2024); *Hill v. Spirit*

2   *Halloween Superstores LLC*, No. 2:24-cv-01644-TSZ (W.D. Wash. Dec. 16, 2024); *Dudley v.*

3   *Transdev North America Inc.*, No. 2:24-cv-00810-KKE (W.D. Wash. Dec. 13, 2024); *Perry v.*

4   *The Boeing Co.*, No. 2:24-cv-01000-RSL (W.D. Wash. Nov. 22, 2024); *Spencer v. Total Renal*

5   *Care Inc.*, No. 2:24-cv-01359-RSM (W.D. Wash. Nov. 20, 2024); *Mitchell v. LYMI, Inc.*, No.

6   2:25-cv-00511-TSZ (W.D. Wash. May 28, 2025); *Hill v. ACV Auctions Inc.*, No. C25-616 MJP,

7   2025 U.S. Dist. LEXIS 106298 (W.D. Wash. June 4, 2025); *Milito v. Snap Inc.*, No. 2:25-cv-

8   00387-MJP, 2025 U.S. Dist. LEXIS 107243 (W.D. Wash. June 5, 2025); *Kent v. Tech Mahindra*

9   *(Americas) Inc.*, No. 2:24-cv-01168-BJR (W.D. Wash. Oct. 3, 2025); *Spencer v. Walmart Inc.*,

10  No. 2:23-cv-01793-BJR (W.D. Wash. Oct. 14, 2025); *Hill v. Les Schwab Tire Centers of Wash.*

11  *LLC*, No. 24-cv-00425-BJR (W.D. Wash. Oct. 31, 2025) (collectively, "Remand Orders").

12      This matter was stayed pending the Washington Supreme Court's resolution of the

13  question certified in *Branson*. *See* Joint Stipulation and Order to Stay Proceedings, ECF No. 16.

14  Subsequently, on September 4, 2025, the Washington Supreme Court issued its decision in

15  *Branson* where it adopted the plain language interpretation of "job applicant," concluding:

16          A job applicant need not prove they are a "bona fide" applicant to be
            deemed a "job applicant." Rather, in accordance with the plain language of
17          RCW 49.58.110(4), a person must apply to any solicitation intended to
            recruit job applicants for a specific available position to be considered a
18          "job applicant" regardless of the person's subjective intent in applying for
            the specific position.
19

20  574 P.3d at 1040. The Court reasoned that the term "job applicant" must be "broadly defined" to

21  "best effectuate the statute's intended purpose of eradicating pay-based discrimination." *Id.* In its

22  reasoning, the Court acknowledged that the "legislature did not intend to make it more difficult

23  for job applicants to recover for violations of the EPOA." *Id.* Rather, the Legislature "intended to

24  hold employers accountable." *Id.*

25                          **III.    STATEMENT OF ISSUES**

26      The following issues are presented for resolution by the Court:

27

1. *Whether remand for lack of Article III authority is required where Plaintiff did not plead "bona fide" applicant status and returning this matter to state court would not be futile?* **YES.**

2. *Whether remand is required where Delta has not established the pre-requisites of federal jurisdiction under CAFA?* **YES.**

3. *Whether remand is required where Delta cannot established that Plaintiff's alleged damages and pro-rata share of attorneys' fees exceed the $75,000 amount in controversy required for traditional diversity jurisdiction under 28 U.S.C. § 1332(a)?* **YES.**

## IV.    AUTHORITY

### A. Legal Standard

Article III standing is a necessary component of federal subject matter jurisdiction. "Under Article III, the Federal Judiciary is vested with the 'Power' to resolve not questions and issues but 'Cases' or 'Controversies.'" *Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 132 (2011). "Among other things, that limitation requires a plaintiff to have standing." *Fed. Election Comm'n v. Cruz*, 596 U.S. 289, 295-96 (2022). Whether a plaintiff has Article III standing implicates the Court's subject matter jurisdiction. *Warth v. Seldin*, 422 U.S. 490, 498 (1975).

To establish Article III standing, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan*, 504 U.S. at 561; *see also Washington v. Chimei Innolux Corp.*, 659 F.3d 842, 847 (9th Cir. 2011) ("The burden of establishing removal jurisdiction, even in CAFA cases, lies with the defendant seeking removal."). Further, "each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561.

Moreover, when a defendant removes a case to federal court where the plaintiff lacks Article III standing, the district court must remand the case rather than dismiss it. *See Polo v.*

*Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016) ("The rule that a removed case in which the plaintiff lacks Article III standing must be remanded to state court under § 1447(c) applies as well to a case removed pursuant to CAFA as to any other type of removed case."). "Remand is the correct remedy because a failure of federal subject matter jurisdiction means only that federal courts have no power to adjudicate the matter. State courts are not bound by the constrains of Article III." *Id.*

**B. Defendant fails to meet its burden of establishing this Court's Article III authority.**

As the removing party and sole proponent of federal jurisdiction, Defendant must establish, and maintain throughout the pendency of this litigation, that Plaintiff suffered an injury-in-fact. *See Aaron's*, 733 F. Supp. 3d at 1056; *see also Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th Cir. 2005) ("Whichever side chooses federal court must establish jurisdiction; it is not enough to file a pleading and leave it to the court or the adverse party to negate jurisdiction." (citing *Lujan*, 504 U.S. at 561)). Courts in this district have held in over twenty cases that applicants to job postings that failed to state the wage range or salary scale do not automatically satisfy Article III standing when they bring suit for violations of the EPOA's pay transparency provisions. *See* Remand Orders. Judges in this district follow two tests to determine whether an EPOA plaintiff has standing. Defendant cannot establish that Plaintiff's allegations satisfy either test.

Moreover, *Branson* does not change this Court's analysis. *Branson* "clarifies that a plaintiff does not have to prove they are a 'bona fide' or 'good faith' applicant to qualify as a 'job applicant' that can sue to obtain remedies under the statute." *Tech Mahindra*, No. 2:24-cv-01168-BJR, at *8 (citing *Branson*, 574 P.3d 1031) (remanding post-*Branson*); *see also Walmart Inc.*, No. 2:23-cv-01793-BJR (same); *Les Schwab*, No. 24-cv-00425-BJR (same). *Branson* does not alter or inform the federal judiciary's independent analysis of its Article III authority. Because an injury-in-fact for Article III purposes is required, and Plaintiff did not make the necessary allegations to demonstrate an injury-in-fact under the Court's established tests, the Court should remand. *See Robins v. Spokeo, Inc. (Spokeo II)*, 867 F.3d 1108, 1112 (9th Cir. 2017).

1

### 1. Defendant cannot establish standing under the *Aaron's* test.

In the first RCW 49.58.110 remand order, the Court articulated that because "a violation of the statutory provision at issue here—a job posting with no compensation information included—is a technical or procedural violation that by itself does not manifest concrete injury but requires a 'bona fide' applicant before there is a risk of harm," plaintiffs "*must allege, at minimum, that they applied for the job with good-faith intent*, and as such became personally exposed to the risk of harm caused by the violation." *Aaron's*, 733 F. Supp. 3d at 1071 (emphasis added).

Notwithstanding that the Washington legislature authorized any "applicant" to bring a claim, *Aaron's* made clear that without pleading facts to show that the plaintiff was a "bona fide" or "good faith" applicant, the allegations will not establish an injury-in-fact redressable in *federal* courts and thus Article III standing is lacking. That is because—with respect to constitutional standing only—a technical, statutory violation is irrelevant unless accompanied by a corresponding risk of personal exposure to the risk of harm caused by the violation. *See id.*

Courts continue to apply the *Aaron's* test to remand cases where the plaintiffs applied to the non-compliant posting but did not allege the requisite "bona fide" status to maintain jurisdiction in the federal courts. *See Aaron's*, 2024 U.S. Dist. LEXIS 85799; *Floyd*, 2024 U.S. Dist. LEXIS 85796; *David*, 2024 U.S. Dist. LEXIS 85379; *DoorDash*, 2024 U.S. Dist. LEXIS 92001; *RXO*, 2024 U.S. Dist. LEXIS 92838; *Penney Opco*, 2024 U.S. Dist. LEXIS 134571; *Watson*, 2024 U.S. Dist. LEXIS 134585; *Liu*, 2024 U.S. Dist. LEXIS 171512; *Jeld-Wen*, 2024 U.S. Dist. LEXIS 193749; *LYMI*, No. 2:25-cv-00511-TSZ; *Dudley*, No. 2:24-cv-00810-KKE; *The Boeing Co.*, 2024 U.S. Dist. LEXIS 213310; *Total Renal Care Inc.*, 2024 U.S. Dist. LEXIS 211363; *Spirit Halloween Superstores LLC*, No. 2:24-cv-01644-TSZ; *Tech Mahindra*, No. 2:24-cv-01168-BJR (remanding after *Branson*); *Walmart Inc.*, No. 2:23-cv-01793-BJR (same); *Les Schwab*, No. 24-cv-00425-BJR (same).

Here, there is no dispute that Plaintiff did not plead any facts to show that he was a "bona fide" applicant or any other facts establishing her subjective intent. *See* Compl. Plaintiff was not

**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

required to allege such facts under the plain language of RCW 49.58.110 as confirmed by the Washington Supreme Court in *Branson*. But because he did not do so, his claim cannot proceed in federal court and must be remanded to King County Superior Court. *See* RCW 49.58.110; *Branson*, 574 P.3d at 1036 (holding the "plain language of the term 'job applicant' means a person who applies to a job posting, regardless of their subjective intent in doing so"). Remand for lack of Article III injury-in-fact is thus required under the *Aaron's* standing test.

### 2. Defendant cannot establish standing under the *Vera Whole Health* test.

Shortly after the *Aaron's* decision, an alternative injury-in-fact test emerged in *Spencer v. Vera Whole Health*, No. C24-337-MJP, 2024 WL 3276578 (W.D. Wash. July 2, 2024). Under this test, a plaintiff shows a constitutional injury-in-fact if he alleges that "he was offered an interview or that he engaged in any pay negotiations," because only then would the deprivation of the statutorily required disclosures cause any risk of harm. *Id.* at *3 (holding plaintiff must be offered an interview or engage in pay negotiations). Months later, in *Heartland Express*, that court arrived at an identical conclusion, stating that when a plaintiff "does not allege that he was offered employment or an interview," he "does not suggest that the deprivation of information compromised his bargaining power in pay negotiations, placed him at a disadvantage relevant to other applicants, or resulted in him having to exit a lengthy interview process after learning the pay was insufficient for his needs." 2024 WL 4164245, at *4.

The *Vera Whole Health* test has been adopted and applied in multiple other cases. *See HP*, 2024 U.S. Dist. LEXIS 201204; *HCL Tech.*, 2024 U.S. Dist. LEXIS 210312; *Heartland Express*, 2024 U.S. Dist. LEXIS 164596, at *10; *Snap*, 2025 U.S. Dist. LEXIS 107243; *ACV*, 2025 U.S. Dist. LEXIS 106298, at *7. Here, it is similarly undisputed that Plaintiff has not alleged that he was offered an interview, engaged in any pay negotiations, or received an employment offer from Defendant. *See* Compl. Again, Plaintiff was not required to allege such facts to support a claim, but in the absence of such circumstances, federal jurisdiction is lacking, and the case must be remanded to King County Superior Court where it was filed.

**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

### 3. *Branson* did not change this Court's constitutional standing analysis.

The Washington Supreme Court's decision in *Branson* did not, and cannot, alter this Court's Article III standing analysis.

First, "standing in federal court is a question of federal law, not state law." *Hollingsworth v. Perry*, 570 U.S. 693, 715 (2013). In *Hollingsworth*, the U.S. Supreme Court reversed the Ninth Circuit's holding that petitioners had Article III standing where the California Supreme Court, on a certified question from the Ninth Circuit, concluded the petitioners had standing to pursue their claim under state law. *Id.* The U.S. Supreme Court emphasized that "no matter [the California Supreme Court's] reasons, the fact that a State thinks a private party should have standing to seek relief for a generalized grievance cannot override our settled case law to the contrary." *Id.* Accordingly, a state court's determination that a plaintiff has standing under state law cannot override or supplant a federal court's independent assessment of whether that same plaintiff has Article III standing for the same claim. *See id.*

In pay transparency cases, federal courts have independently and repeatedly decided what a plaintiff must allege to establish concrete harm sufficient for Article III purposes. The Court has also acknowledged that "[a]ny decision in *Branson* [would] not change the fact that the Court lacks subject matter jurisdiction over this matter because [the plaintiff] lacks standing" under the Court's established Article III tests. *See, e.g.*, *Snap Inc.*, 2025 U.S. Dist. LEXIS 107243, at *10; *ACV Auctions Inc.*, 2025 U.S. Dist. LEXIS 106298, at *10 ("[T]he Court lacks subject matter jurisdiction over this matter because [plaintiff] lacks standing. The decision in *Branson* will not change that fact.").

Since the *Branson* decision, the Court has affirmed this conclusion and continued to apply its well-established Article III analyses. For example, in *Tech Mahindra*, the Court determined that "the state Supreme Court's decision in *Branson* does not change this Court's standing analysis." 2025 U.S. Dist. LEXIS 196582, at *10-11. Instead, it reasoned, "[t]he *Branson* decision clarifies that a plaintiff does not have to prove they are a 'bona fide' or 'good faith' applicant to qualify as a 'job applicant' that can sue to obtain remedies under the statute. . . . But a plaintiff

**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

1   must still show an injury-in-fact for Article III purposes." *Id.* (internal citation omitted); *see also*

2   *Walmart Inc.*, No. 2:23-cv-01793-BJR (remanding post-*Branson*). In doing so, the Court drew a

3   crucial distinction between the constitutional requirements of Article III standing in federal courts

4   of limited jurisdiction and the legislatively defined requirements of statutory standing in

5   Washington's state courts of general jurisdiction. Thus, because an injury-in-fact for Article III

6   purposes is required, and Plaintiff did not make the necessary allegations to demonstrate an

7   injury-in-fact under the Court's established tests, the Court should remand. *See Spokeo II*, 867

8   F.3d at 1112.

9       Second, the Washington Supreme Court's opinion in *Branson* expressly declined to

10  address arguments raised by the defendant and amici regarding *statutory* standing as "beyond the

11  scope of the certified question." *Branson*, 574 P.3d at 1039 n.7. It further rejected the contention

12  that it "silently address[ed]" standing, confirming that "[o]ur holding is limited to interpreting the

13  term 'job applicant' in RCW 49.58.110(4)," though did "observe that if a plaintiff meets the

14  definition of applicant, the plaintiff likely is within the protected zone of interest." *Id.* This

15  observation does not impact this Court's constitutional standing inquiry.

16      Accordingly, because *Branson* did not change the Article III injury-in-fact inquiry, the

17  Court should conclude that Defendant did not meet its burden to establish federal jurisdiction

18  even in light of *Branson*.

19      **4.  Remand to state court is not futile.**

20      The law is clear that "[i]f at any time before final judgment it appears that the district court

21  lacks subject matter jurisdiction," "the case *shall* be remanded." 28 U.S.C. § 1447(c) (emphasis

22  added); *Polo*, 833 F.3d at 1196 (providing that where there exist "[d]efects of subject-matter

23  jurisdiction," "the district court generally *must* remand the case to state court, rather than dismiss

24  it"); *Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997) ("[§ 1447(c)] is *mandatory*, not

25  discretionary." (Emphasis added.)). As the U.S. Supreme Court has recognized, "the literal words

26  of § 1447(c) give "no discretion to dismiss rather than remand an action." *Int'l Primate Prot.*

27  *League v. Admins. of Tulane Educ. Fund*, 500 U.S. 72, 88-89 (1991), *superseded by statute on*

*other grounds*. The Ninth Circuit's judicially created futility exception to § 1447(c), however, permits a federal court to "dismiss an action rather than remand it if there is '*absolute certainty*' that the state court would dismiss the action following remand." *Glob. Rescue Jets, LLC v. Kaiser Found. Health Plan, Inc.*, 30 F.4th 905, 920 n.6 (9th Cir. 2022) (emphasis added); *Bell v. City of Kellogg*, 922 F.2d 1418, 1424 (9th Cir. 1991) ("[I]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded . . . . Where the remand to state court would be futile, however, the desire to have state courts resolve state law issues is lacking.").

Notably, the futility exception contradicts the removal statute and "may no longer be good law." *Polo*, 833 F.3d at 1197. Indeed, the U.S. Supreme Court has recognized the irreconcilable conflict between the judge-made futility exception and the plain, mandatory language of the removal statute, which "give[s the court] no discretion to dismiss rather than remand an action." *Int'l Primate*, 500 U.S. at 88-89. The Ninth Circuit has recognized the exception's doctrinal peril following *International Primate* but has not yet had occasion to overrule *Bell*. *See, e.g.*, *Bruns*, 122 F.3d at 1257-58 (concluding that the district court erred in dismissing rather than remanding for want of subject matter jurisdiction); *Polo*, 833 F.3d at 1197-98 (casting doubt on the futility exception but declining to expressly overrule *Bell sua sponte* where no party had argued the issue). Although courts have sporadically applied the futility exception, some have substantially narrowed its application and cast doubt on its validity. *See, e.g.*, *Polo*, 833 F.3d at 1198 ("[O]nly when the eventual outcome of a case after remand is so clear as to be foreordained have we held that a district court may dismiss it. . . ."); *Bell*, 922 F.2d at 1425. Given the signals that *Bell*'s futility exception is no longer good law, the Court need not consider it here.

Nevertheless, even if the futility exception were still good law, remanding this state law class action would not be futile. The futility doctrine applies only where the district court has "absolute certainty" that a state court would "simply dismiss[] the action" for the same reason the district court remanded. *Bell*, 922 F.2d at 1425. Here, it is far from certain that a Washington court would dismiss this action upon remand for lack of standing.

**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

The Washington Constitution does not limit state courts' jurisdiction as Article III of the U.S. Constitution limits the jurisdiction of federal courts. *See In re Estate of Reugh*, 10 Wn. App. 2d 20, 55-56 (2019) ("Washington courts do not face such constitutional limitations."). Further, "[q]uestions of standing under Washington law begin with the statutes themselves." *West v. Seattle Port Comm'n*, 194 Wn. App. 821, 826 (2016). Plaintiff alleges that Defendant violated his rights under RCW 49.58.110. If Defendant challenges standing upon remand, the state court will look to the statute rather than to interpretations of Article III. *See Reugh*, 10 Wn. App. 2d at 55-56. It will also look to the *Branson* decision, where the Washington Supreme Court held that under RCW 49.58.110, "the term 'job applicant' means a person who applies to a job posting, regardless of their subjective intent in doing so." *Branson*, 574 P.3d at 1036. Moreover, it indicated that because any applicant likely falls within the zone of interest the legislature intended to protect, that any applicant would satisfy *state* standing requirements. *Id*. at 1039 n.7. In other words, while in federal court a plaintiff must allege they are a bona fide job applicant to have Article III standing, in Washington state court, a "job applicant need not prove they are a 'bona fide' applicant to be deemed a 'job applicant'" and to pursue a claim. *Id.* at 1040.

16
17
18
19
20

Indeed, state trial courts have expressly rejected motions to dismiss virtually identical EPOA claims. *See, e.g.*, Order Denying Defs.' Mot. to Dismiss, *Herold v. Smart FoodService Stores*, No. 23-2-19555-8 (King Cnty. Super. Ct. May 13, 2024); Order Denying Def.'s Mot. for J. on the Pleadings, *Pizl v. Dependable Staffing Agency Ltd.*, No. 23-2-12099-5 (Pierce Cnty. Super. Ct. Apr. 26, 2024).

21
22
23

Accordingly, because it is not absolutely certain (or even likely) that a Washington state court would dismiss this action upon remand for failure to allege bona fide applicant status, remand is required.

24
25

//

26

//

27

**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

1

**C. Defendant has not established CAFA jurisdiction**

2

       **1.  Legal Standard**

3

       CAFA confers federal subject matter jurisdiction over class actions involving at least 100

4

members who are minimally diverse from the defendants where the amount in controversy

5

exceeds $5,000,000. *See Moe v. GEICO Indem. Co.*, 73 F.4th 757, 761 (9th Cir. 2023). State court

6

defendants who remove putative class actions under CAFA bear the burden of demonstrating, by

7

a preponderance of the evidence, that these prerequisites are met. *See Lin v. Kennewick, No.* C20-

8

1029RSL, 2021 U.S. Dist. LEXIS 121383, at *7 (W.D. Wash. June 29, 2021) (applying the

9

preponderance of the evidence standard to CAFA's numerosity and amount in controversy

10

requirements). Mere conclusory allegations by the removing party are insufficient. *Abrego*

11

*Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 689 (9th Cir. 2006).

12

       **2.  Defendant has not established numerosity under CAFA.**

13

       Defendant has not established, on a more probable than not basis, that the putative class

14

exceeds 100 individuals. *See* Notice of Removal ¶¶ 15-16, ECF No. 1. To satisfy its evidentiary

15

burden, Defendant must produce "summary-judgment-type evidence." *See Ibarra v. Manheim*

16

*Invs., Inc.*, 775 F.3d 1193, 1197(9th Cir. 2015). *Ibarra*, 775 F.3d at 1197; *see also Kennewick*,

17

2021 U.S. Dist. LEXIS 121383, at *7 (considering "summary-judgment type evidence" for

18

CAFA's numerosity requirement). Assertions made in a complaint, legal memoranda, or at oral

19

argument are not evidence and do not create issues of fact. *See Flaherty v. Warehousemen,*

20

*Garage & Serv. Station Emps.' Local Union No. 334*, 574 F.2d 484, 486 n.2 (9th Cir. 1978);

21

*Coverdell v. Dep't of Soc. and Health Servs.*, 834 F.2d 758, 762 (9th Cir. 1987).

22

       Defendant's assertions regarding the propriety of CAFA jurisdiction are entirely

23

predicated upon the  unsupported conclusory assertion in its Notice of Removal that "the putative

24

Class includes at least 1,100 individuals" and thus "the putative class has more than 100

25

members." Notice of Removal ¶¶ 15-16. This statement does not qualify as summary judgment

26

type evidence and, therefore, is insufficient to establish numerosity under CAFA. *See Flaherty*,

27

574 F.2d at 486 n.2; *Ibarra*, 775 F.3d at 1197-99. Indeed, nothing in Defendant's removal papers demonstrates a putative class size greater than 100. *See generally* Notice of Removal.

**3.  Defendant has not established the amount in controversy necessary to support CAFA jurisdiction.**

For the same reason, Defendant fails to establish that the amount in controversy exceeds the $5,000,000 required under CAFA. *See* Notice of Removal ¶¶ 17-21. The law is clear that Defendant "must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds" the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Defendant cannot meet this burden with a single conclusory statement regarding the number of potential class members. *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2004); *Raj K Patel v. Microsoft Corp.*, No. 2:24-cv-00130-JHC, 2024 U.S. Dist. LEXIS 31569, at *3 (W.D. Wash. Feb. 23, 2024). And critically, where, like here, Defendant's damages assessment "require[s] a chain of reasoning that includes assumptions[,] . . . those assumptions cannot be pulled from thin air but need some reasonable ground underlying them." *Compare Ibarra*, 775 F.3d at 1199, *with* Notice of Removal ¶ 21 ("Plaintiff has specifically requested statutory damages for himself and each putative class member of $5,000 pursuant to RCW 49.58.070 and RCW 49.58.110, placing at least $5,500,000 (1,100 putative Class Members x $5,000) in statutory damages in controversy."). Because Defendant's damages assessment rests solely on its unsupported assertion regarding the size of the proposed class, they have not established the Court's subject matter jurisdiction under CAFA. Remand is therefore required.

**D.  Defendant has not established traditional diversity jurisdiction.**

Defendant argues, in the alternative, that the Court possesses traditional diversity jurisdiction under 28 U.S.C § 1332(a).  *See* Notice of Removal at 10-14. However, Defendant cannot establish that Davis's claim and pro-rata share of attorneys' fees exceed the $75,000 threshold required under 28 U.S.C. § 1332(a). Thus, remand is required.

**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

1

### 1. Legal Standard

Diversity jurisdiction exists where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). Defendant, as the removing party and sole proponents of federal jurisdiction, "'bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold." *Urbino v. Orkin Servs. of Cal.*, 726 F.3d 1118, 1122 (9th Cir. 2013). Under this burden, it "must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Conclusory allegations, speculation and conjecture, and unreasonable assumptions are insufficient to meet this burden. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2004). When defendants put forth such information as a basis for removal, courts may "simply reject" the assertions and conclude "that the defendant failed to meet its burden." *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 996 (9th Cir. 2022). Moreover, Courts must order remand for lack of diversity jurisdiction where there is "any doubt" as to whether the case is removable. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal.").

### 2. Defendant cannot establish the amount in controversy required for traditional diversity jurisdiction.

Because Plaintiff only seeks $5,000 in damages for himself, *see* Compl. ¶ 56 and Notice of Removal ¶ 39,[1] Defendant must establish by a preponderance of the evidence that Plaintiff's pro-rata share of potential attorneys' fees exceeds $70,000 to meet the amount in controversy requirement. *See Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 850 (9th Cir. 2020) ("[W]e consider a successful party's pro rata share of attorney's fees in assessing whether her claim meets the jurisdictional threshold." (citing *Gibson v. Chrysler Corp.*, 261 F.3d 927, 942 (9th Cir. 2001));

---

[1] Defendant incorrectly contends that Plaintiff seeks actual damages. *See* Notice of Removal at 12 n.3. *See* Compl. ¶ 53. Regardless, "Plaintiff's failure to disclaim any damages over $75,000 is not sufficient to satisfy Defendant's burden to demonstrate that the jurisdictional amount required for diversity jurisdiction is met. *LeFaive v. Stadfast Ins. Co.*, 2018 U.S. Dist. LEXIS 215180, at * 5 (W.D. Wash. Dec. 21, 2018)."

PLAINTIFF'S MOTION TO REMAND - 14

No. 2:24-cv-00954-KKE

**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

1    *see also Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (affirming that

2    attorneys' fees should be attributed on pro-rata basis)). Defendant makes no assessment of

3    Plaintiff's pro-rata share of attorneys' fees, requiring remand. *See generally* Notice of Removal.

4        Instead, Defendant speculates that the total potential attorneys' fees necessary to litigate

5    this action will exceed $70,000 if counsel spends 200 or more hours on this case and if each of

6    those hours is billed at Plaintiff's lead attorney's hourly rate of $725. Notice of Removal ¶¶ 42-

7    43. This estimation rests on several unreasonable assumptions. *See Matheson*, 319 F.3d at 1090-

8    91. Defendant unreasonably assumes this case will require more than 200 hours to litigate based

9    on estimations used in a materially distinct discrimination case. *See* Notice of Removal ¶ 41

10   (citing *Jacobs v. Wal-Mart Stores, Inc.*, No. 3:17-cv-5988, at 3 (W.D. Wash. Mar. 20, 2019)). But

11   Defendant has not established that extensive future attorneys' fees will be necessary to litigate

12   this action. Indeed, in a case involving the same statute and virtually identical allegations, the

13   Court recognized that "this is not a case in which it goes without saying that the attorney fees will

14   'easily' climb to great heights." *Moliga v. Qdoba Rest. Corp.*, No. 2:23-cv-01084-LK, 2023 U.S.

15   Dist. LEXIS 137178, at *9 (W.D. Wash. Aug. 7, 2023). The same is true here.

16       Defendant's own "evidence" establishes that Plaintiff's pro-rata share of attorneys' fees

17   will not approach $70,000 unless Plaintiff's counsel bills an unreasonable number of hours.

18   Notice of Removal ¶ 27 (citing *Garcia v. Wash. State Dep't of Licensing*, No. 22-2-05635-5 SEA,

19   at *5 (King Cnty. Super. Ct. July 26, 2023)). In *Garcia*, a complex data breach class action,

20   counsel was awarded $1,080,000 in attorneys' fees and costs on behalf of 545,729 class members.

21   *Id*. This means the pro-rata share of attorneys' fees attributable to the named plaintiff was less

22   than $2.00.

23       Defendant's job postings were either deficient or they were not. There is no need for

24   extensive discovery, motions practice, or a trial in this matter. This case will turn, one way or the

25   other, on a motion for class certification and a motion for summary judgment. This is exactly

26   what the Court determined in a factually indistinguishable case that was remanded for failure to

27

PLAINTIFF'S MOTION TO REMAND - 15

No. 2:24-cv-00954-KKE

**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

1   establish the requisite $75,000 amount in controversy. *See generally Pizl v. Roadrunner Transp.*

2   *Servs., Inc.*, No. 3:23-cv-6110-DGE, 2024 U.S. Dist. LEXIS 56728 (W.D. Wash. Mar. 27, 2024).

3          Defendant likewise fails to consider factors used to assess lodestar calculations, just as the

4   defendant in *Pizl* did. *See id.* at *4. "A 'reasonable attorney's fee' is initially determined by the

5   lodestar method, which multiplies an attorney's reasonable hourly rate by the number of hours

6   reasonably expended on the litigation. . . ." *Shayler v. 1310 PCH, LLC*, 51 F.4th 1015, 1020 (9th

7   Cir. 2022). The Court "determines whether to modify the lodestar figure, upward or downward,

8   based on factors not subsumed in the lodestar figure." *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th

9   Cir. 2016). Those factors include, among others, the time and labor required and the skill requisite

10  to perform the legal service. *See Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir.

11  1975) (abrogated on other grounds). These factors are consistent with Washington Rule of

12  Professional Conduct 1.5 and support a finding that less than $75,000 is in controversy. The time

13  and labor required here is limited given the straightforward nature of RCW 49.58.110 and that

14  Plaintiff's counsel is litigating several similar cases, allowing for work product to be reproduced

15  at minimal cost. Moreover, work on this simple case can be performed by associates and

16  paralegals who bill at a fraction of senior members, just as the *Pizl* court recognized. See 24 U.S.

17  Dist. LEXIS 56728, at *5. In sum, given that the issues are limited, the legal questions are

18  straightforward, and the potential attorneys' fees must be distributed among the putative class,

19  Defendant cannot establish, on a more probable than not basis, that more than $75,000 is in

20  controversy. Thus, the Court must remand for lack of traditional diversity jurisdiction.

21                              **V.  CONCLUSION**

22         Defendant has failed to meet its burden to show that this Court has jurisdiction over the

23  claims brought in Plaintiff's complaint. Accordingly, consistent with 28 U.S.C. § 1447(c), the

24  Court must remand this case to King County Superior Court where it was originally filed.

25  //

26  //

27

PLAINTIFF'S MOTION TO REMAND - 16

No. 2:24-cv-00954-KKE

**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

1

2      Respectfully submitted this 7th day of November 2025.

3                            EMERY | REDDY, PC

4

5                By:     */s/ Timothy W. Emery*

6                       Timothy W. Emery, WSBA No. 34078

7                       Patrick B. Reddy, WSBA No. 34092

8                       Paul Cipriani, WSBA No. 59991

9                       600 Stewart Street, Suite 1100

10                     Seattle, WA 98101

11                     Phone: (206) 442-9106

Fax: (206) 441-9711

Email: emeryt@emeryreddy.com

Email: reddyp@emeryreddy.com

Email: paul@emeryreddy.com

12

13                     *Attorneys for Plaintiff*

14                     I certify that this memorandum contains less than 8,400 words in compliance with Local Civil Rules for the U.S. District Court for the Western District of Washington.

PLAINTIFF'S MOTION TO REMAND - 17

No. 2:24-cv-00954-KKE

**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2025, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

Damon C. Elder, WSBA #46754
Andrea D. Ostrovsky, WSBA #37749
Yara AlHowar, WSBA #58693
Ari M. Sillman, WSBA #60798
Morgan, Lewis & Bockius LLP
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Telephone: (206) 274-6400
Email: damon.elder@morganlewis.com
Email: andrea.ostrovsky@morganlewis.com
Email: yara.alhowar@morganlewis.com
Email: ari.sillman@morganlewis.com

Dated this 7th day of November, 2025 at Seattle, Washington.

*/s/ Jennifer Chong*_____
Jennifer Chong, Legal Assistant
jennifer@emeryreddy.com

PLAINTIFF'S MOTION TO REMAND - 18

No. 2:24-cv-00954-KKE

**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711